IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PATRICIA BROWN**, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. _____ |
| | ) |
| v. | ) |
| | ) **COLLECTIVE AND CLASS ACTION** |
| **CHERISHED COMPANIONS HOME CARE, LLC**, | ) **COMPLAINT** <br> ) <br> ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) <br> ) |

Plaintiff Patricia Brown ("Representative Plaintiff") for her Collective and Class Action Complaint against Defendant Cherished Companions Home Care, LLC states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Acc ("FLSA"), 29 U.S.C. §§ 201-209 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code § 4111.03

2. Representative Plaintiff brings this case as a collective action individually and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 individually and on behalf of others like her who assert factually related claims under the OMFWSA (the "Ohio Class").

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Representative Plaintiff resides in Wickliffe, Ohio (Lake County), and was employed by Defendant within this district and division. Representative Plaintiff's written consent to join form is attached as **Exhibit A**.

8. Defendant Cherished Companions Home Care, LLC is an Ohio limited liability company which does business in Ohio and which is headquartered at 7181 Chagrin Rd, Suite 200, Chagrin Falls, Ohio 44023 (Geauga County). Defendant can be served through its statutory agent: Douglas A. Wilber, 14074 Fox Hollow Dr., Novelty, OH 44072.

## FACTUAL ALLEGATIONS

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

10. At all relevant times, Representative Plaintiff and those similarly situated were "employees" of Defendant within the meaning of the FLSA and the OMFWSA.

11. At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Defendant employed Representative Plaintiff and those similarly situated as hourly, non-exempt Home Health Aides (HHAs).

13. Representative Plaintiff worked for Defendant as an hourly, non-exempt HHA from approximately August 2018 to August 30, 2021.

14. Defendant operates as an enterprise providing in-home senior care in Lake County, Geauga County, Cuyahoga County, Summit County, and Portage County in Ohio.

15. Defendant does not pay their hourly homecare providers, including Representative Plaintiff, and those similarly situated, for time spent traveling from one client location to the next in the same workday, nor does Defendant count this time as hours worked for the workweek.

16. Such time is compensable under the continuous workday rule.

17. Representative Plaintiff and those similarly situated regularly work 40 hours or more in a workweek.

18. Failure to pay Representative Plaintiff and others similarly situated for their location-to-location travel resulted in unpaid overtime in weeks where they worked more 40 hours or more in a workweek.

## Failure to Keep Accurate Records

19. As a result of the company-wide policies and practices stated above, Defendant failed to make, keep and preserve records of the all hours worked by Representative Plaintiff and other similarly situated employees, as required by the FLSA and Ohio law. To the extent accurate

records were not kept, Representative Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

20. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Representative Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former homecare providers, including but not limited to HHAs, employed by Defendant who worked at more than one location in the same workday and who worked 40 or more hours in the same workweek from the 3 years preceding the filing of this Complaint through final disposition of this action ("FLSA Collective").**

22. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, and all were subjected to and injured by Defendant's unlawful practices of failing to pay them all overtime hours worked.

23. The FLSA Collective members have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

24. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

25. Representative Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and the following class:

> **All present and former hourly homecare providers, including but not limited to HHAs, employed by Defendant in Ohio who worked at more than one location in the same workday and who worked 40 or more hours in the same workweek from the 2**

**years preceding the filing of this Complaint through final disposition of this action ("Ohio Class").**

26. The Ohio Class is so numerous that joinder of all class members is impracticable.

27. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay them for all hours worked such as location-to-location travel time in the same workday, whether such unpaid hours resulted in unpaid overtime, and whether such overtime remains unpaid.

28. Representative Plaintiff's claims are typical of the those of the Ohio Class members.

29. Representative Plaintiff will adequately protect the interests of the Ohio Class members. Representative Plaintiff's interests are not antagonistic to, but rather, are in unison with, the interests of the Ohio Class members. Representative Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

30. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common and typical to each class as a whole and predominate over any questions affecting only individual class members.

31. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims

individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

32. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions individually and on behalf of the opt-ins who join this case pursuant to 29 U.S.C. § 216(b).

34. Defendant is covered by the FLSA and the FLSA Collective members are not exempt from the protections of the FLSA.

35. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

36. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

37. Defendant has a companywide policy of not paying the FLSA Collective members for compensable work, such as location-to-location travel, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

38. Defendant knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

39. Section 16(b) of the FLSA entitles Representative Plaintiff and those similarly situated to an award of unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fee, and costs.

40. As a result of Defendant's practices, Representative Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Class Violations)

41. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendant is an "employer" covered by the overtime requirements set forth in the OMFWSA.

43. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

44. The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

45. As employees of Defendant, Representative Plaintiff and the Ohio Class members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

46. Defendant had a companywide policy of not paying the Ohio Class members for compensable work, such as location-to-location travel, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

47. Representative Plaintiff and the Ohio Class members are not exempt under the OMFWSA.

48. Defendant's practice and policy of not paying Representative Plaintiff and the Ohio Class members all overtime compensation earned at one and one-half times their regular rate of pay violated the OMFWSA.

49. As a result of Defendant's practices, Representative Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the OMFWSA.

50. Pursuant to Ohio law, Plaintiff is entitled to attorneys' fees and costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, individually and on behalf of other members of the class/collective, seek the following relief:

A. An Order certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the FLSA claim;

B. An Order certifying this action as a class action with respect to the OMFWSA claim;

C. Liquidated damages to the fullest extent permitted under the FLSA;

D. Litigation costs, expenses, and attorneys' fees;

E. Pre-judgment and/or post-judgment interest at the statutory rate; and,

F. Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        **NILGES DRAHER LLC**

        */s/ Shannon M. Draher*
        Shannon M. Draher (0074304)
        Hans A. Nilges (0076017)
        7034 Braucher St. N.W., Suite B
        North Canton, OH 44720
        Telephone:    (330) 470-4428
        Facsimile:    (330) 754-1430
        Email: sdraher@ohlaborlaw.com
                hans@ohlaborlaw.com

        *Counsel for Representative Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

        */s/ Shannon M. Draher*
        *Counsel for Representative Plaintiff*